# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

**DONALD W. JACKSON,**

    **Plaintiff,**

  v.

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**

    **Defendant.**
_____/

Case No.: 3:08-cv-168-J16-JRK

## O R D E R

**THIS MATTER** is before the court on Plaintiff's Petition for Attorney's Fees (Doc. 20, the "Application"). Plaintiff's counsel informs the Court that the Commissioner does not oppose the amount requested. Upon review of the Application and accompanying Affidavit of Attorney's Time (Doc. 20-2), the Court finds that Plaintiff shall be awarded **$1,963.50** in attorney's fees. This amount is to be paid pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

## I.

Plaintiff filed an application for Social Security disability benefits and supplemental security income, which was denied. On February 13, 2008, Plaintiff filed this action seeking judicial review of that decision (Doc. 1). On January 28, 2009, United States Magistrate Judge James R. Klindt entered a Report and Recommendation to Reverse and Remand (Doc. 17). On February 18, 2009, the Court adopted the Report and Recommendation to Reverse and Remand (Doc. 18). On February 19, 2009, the Clerk entered a Final Judgment (Doc. 19). Plaintiff is the prevailing party in this case. As such, Plaintiff seeks to recover $1,963.50 in EAJA attorney's fees for the 11.90 total hours expended in this case.

## II.

The EAJA requires a court to award attorney's fees and costs to any party prevailing in litigation against the United States including proceedings for judicial review of agency action, unless the court determines that the position of the United States was substantially justified or that special circumstances exist that make an award unjust. 28 U.S.C. § 2412(d)(1)(A).

Three conditions must be established before an award under the EAJA is appropriate. First, the claimant must file a timely application for fees. This requires the fee application to be filed within thirty (30) days of the final judgment. Second, the claimant must qualify as the prevailing party. Third, the government's positions must not be "substantially justified" and no other special circumstances exist to make an award unjust. Myers v. Sullivan, 916 F.2d 659, 666 (11th Cir. 1990).

The first requirement, that the fee application be filed within thirty (30) days of the final judgment, is jurisdictional in nature. See 23 U.S.C. § 2412(d)(1)(B); Myers, 916 F.2d at 666 (citing Haitian Refugee Ctr. v. Meese, 791 F.2d 1489, 1494 (11th Cir.), *vacated in part on other grounds on reh'g*, 804 F.2d 1573 (11th Cir. 1986)). A "final judgment" is one that is no longer appealable. See 28 U.S.C. § 2412(d)(2)(G); Melkonyan v. Sullivan, 501 U.S. 89 (1991). Because a judgment is no longer appealable sixty (60) days after entry of judgment in Social Security actions, a plaintiff has ninety (90) days from the date of entry of judgment in which to file for EAJA fees. See Fed. R. App. P. 4(a); Myers, 916 F.2d at 672. Here, judgment is final and Plaintiff's motion for fees is ripe for consideration.

In a Social Security action, a party who wins a remand order is considered a prevailing party. A remand order means that the government's position was not substantially justified and here the Commissioner does not contend otherwise. Therefore, an award of attorney's fees to Plaintiff as the

prevailing party under the EAJA is proper.

In awarding attorney's fees, the primary factors to consider are the time expended and the hourly rate. Andrews v. United States, 122 F.3d 1367, 1375 (11th Cir. 1997) ("The starting point for determining a reasonable fee award is multiplying the number of attorney hours reasonably expended by a reasonable hourly rate."). The EAJA provides:

> the amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

42 U.S.C. § 2412(d)(2)(A); see also Meyer v. Sullivan, 958 F.2d 1029, 1034 (11th Cir. 1992) ("Congress undoubtedly expected that the courts would use the cost-of-living escalator to insulate EAJA fee awards from inflation.").

Here, Plaintiff seeks a fee of $1,963.50 (based on 11.90 hours worked in 2008 and 2009 at the hourly rate of $165.00). Plaintiff arrived at the "enhanced" hourly rates listed above by using the Consumer Price Index to determine what the fee of $125.00 from the 1996 EAJA amendments would be priced in 2008 and 2009 dollars (Docs. 20-4). Having determined that the enhanced hourly rates for 2008 and 2009 would be $172.85 and $211.67 respectively, Plaintiff stipulates that the hourly rate of $165.00 is reasonable for both 2008 and 2009.

Magistrate Thomas G. Wilson recently reviewed the fees issue in Coffman v. Astrue, 8:07-cv-1416-T-TGW and Gonzalez v. Astrue, 8:07-cv-1704-T-TGW and concluded the hourly rate in Social Security cases should be capped at $165.00 an hour for 2008 and $169.51 an hour in 2009. Magistrate Wilson found it was clearly unreasonable for an attorney in a Social Security case to be

3

compensated at a rate in excess of the maximum rate for criminal defense lawyers in capital cases. See Coffman at p. 4; see also Gonzalez at p. 4. The Court agrees with Magistrate Wilson's conclusion as to the rate cap and the enhanced hourly rates suggested in Coffman and Gonzalez.

**III.**

Accordingly, since the Plaintiff is not requesting fees in excess of $165.00 per hour, the Court will **GRANT** Plaintiff's Petition for Attorney's Fees (Doc. 20). Plaintiff is awarded attorney's fees in the amount of **$1,963.50**. Plaintiff has filed an Assignment of EAJA Fees (Doc. 20-3); therefore, the Commissioner's remittance of this amount shall be made payable to Plaintiff's counsel, James W. Keeter.[1]

**DONE** and **ORDERED** from Chambers in Jacksonville, Florida, this 19th day of May 2009.

_____
JOHN H. MOORE II
United States District Judge

Copies to: Counsel of Record

---

[1] In a recent opinion, the Eleventh Circuit held that under the EAJA, attorney fees are awarded to the prevailing party, not to the prevailing party's attorney. Reeves v. Astrue, 562 F.3d 732, 738 (11th Cir. 2008). In this case, Plaintiff's counsel filed documentation of a written agreement with his client allowing for payment of EAJA fees directly to the attorney.